**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Miguel Angel QUINTERO–RAMOS,**
**Defendant–Appellant.**

No. 06–50201.

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 2007.*

Filed Aug. 21, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. See

USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Arza Rayches Feldman, Feldman & Feldman West Tower, Uniondale, NY, for Defendant–Appellant.

Fed. R.App. P. 34(a)(2).

Before: FISHER and CALLAHAN, Circuit Judges, and STROM, District Judge.**

## MEMORANDUM ***

A jury found Miguel Angel Quintero–Ramos guilty of three counts of bringing aliens into the United States for financial gain, and three counts of bringing aliens into the United States without presentation, in violation of 8 U.S.C. §§ 1324(a)(2)(B)(ii) and (a)(1)(A)(ii). We affirm.

Quintero–Ramos argues that the government did not prove that he knew that aliens were in his trailer because he did not confess or admit to knowledge. We review de novo a challenge to the sufficiency of the evidence preserved by a motion for acquittal at the close of the evidence. *United States v. Carranza,* 289 F.3d 634, 641 (9th Cir.2002). Sufficient evidence supports a conviction if, viewed in the light most favorable to the government, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Sufficient evidence exists to establish Quintero–Ramos's knowledge. One of the aliens testified that he made arrangements to be smuggled from Mexico to Los Angeles for $1,500. After being guided over the border by foot and harbored in Yuma for 15 days, he was driven to the trailer by a smuggler and told that he would be transported to Los Angeles and that he would pay the smuggling fee to someone waiting at the drop-off location. Another alien testified that he also made arrangements to be smuggled from Mexico to California for approximately $1,500 with the money to be paid upon delivery to his relatives in the Los Angeles area. He waited in Yuma for three days and was driven to the trailer by a smuggler. And by declaration a third witness stated that he arranged to be smuggled from Mexico to Los Angeles through Yuma for $1,500, with the payment due upon arrival. He waited in Yuma for two weeks and was driven to the trailer by a smuggler.

The smugglers had a substantial sum of money at stake, to be realized upon the successful delivery of the 55 aliens to the Los Angeles area. A rational trier of fact could infer that a knowledgeable driver was critical to the successful delivery of the group and payment for the smuggling services.

Quintero–Ramos's knowledge is also supported by testimony regarding communication between someone outside the trailer and the aliens inside the trailer. One alien testified that once he was in the trailer he heard the engine start and a few minutes later someone hit the trailer and said "we're on our way." He also testified that the person, who was speaking from outside the trailer, said that he would make a signal before they arrived at the truck scales. Another alien testified that while waiting inside the trailer for others to arrive, the trailer began to get cold, and that someone inside the trailer said that he could communicate and the air was lowered a little bit. A rational trier of fact could have found that Quintero–Ramos, as

** The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

the driver, was the person who communicated with the aliens and adjusted the air, or who at least was present, started the engine, and was aware of other smugglers securing the trailer and communicating with the aliens.

Moreover, there was other circumstantial evidence of Quintero–Ramos's knowledge, including his demeanor and responses to questioning at the Border Patrol checkpoint. Also, there was a two-hour window after he left the Dole facility during which aliens could have boarded his trailer.

We do not decide whether the district court abused its discretion by admitting evidence of Quintero–Ramos's ownership of a Great Dane trailer used in a similar smuggling attempt in 2004 because even if this ruling was erroneous, the error was more probable than not harmless. *See United States v. Seschillie,* 310 F.3d 1208, 1214 (9th Cir.2002). The verdict was not substantially swayed by this evidence because other evidence overwhelmingly supported Quintero–Ramos's guilt. *See id.*

As discussed above, the evidence established a scheme whereby conspirators assisted aliens in crossing the border, harbored them in Yuma, drove them to Quintero–Ramos's trailer, and planned to greet the trailer in California to collect smuggling fees. Contrary to Quintero–Ramos's argument that human beings-unlike drugs-have no intrinsic value, a substantial sum of money was riding on his successful delivery of the group to California. The evidence supports a concerted plan to smuggle 55 aliens to Los Angeles, requiring the assistance of a driver who would take due care to secure successful delivery of the group and payment for the services rendered. Accordingly, even if

the admission of 2004 smuggling attempt was erroneous, it was not prejudicial, and any error was harmless.

**AFFIRMED.**